# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

UNITED STATES OF AMERICA

                             Plaintiff,

v.

Haven Cates III

                             Defendant.

Case No.: 1:23–cr–00362
Honorable Jeffrey T. Gilbert

FILED BY *JBS* D.C.

**Jun 27, 2023**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, June 15, 2023:

       MINUTE entry before the Honorable Jeffrey T. Gilbert as to Haven Cates, III: Initial appearance and removal proceedings held on 6/15/23. Defendant appears in response to arrest on 6/15/23. Victor P. Henderson appeared as counsel for Defendant. Defendant was informed of his rights, the nature of the charges and the maximum penalties. Defendant waived an identity hearing. The Court finds that Defendant Haven Cates, III is the person named in the arrest warrant issued in the Southern District of Florida. Defendant was informed of his rights under Rule 20 of the Federal Rules of Criminal Procedure. The Government orally moves for a detention hearing pursuant to 18 U.S.C. 3142(f)(1)(E). The Government's oral motion is granted for the reasons stated on the record. In accordance with 18 U.S.C. § 3142(f), for good cause shown, a detention hearing is set for 6/20/23 at 1:30 p.m. in Courtroom 1386. Defendant is remanded to the custody of the U.S. Marshal and shall remain in custody. It is ordered that Defendant shall remain confined in the Metropolitan Correction Center or an alternative facility designated by the U.S. Marshal, but held separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is further ordered that Defendant shall be afforded reasonable opportunity for private consultation with his counsel while in custody. Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, the court, with both the prosecutor and defense counsel present, confirmed the government's obligation to disclose favorable evidence to the accused under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and ordered it to do so. Favorable evidence under Brady need have only some weight and includes both exculpatory and impeaching evidence. Failure to produce such evidence in a timely manner may result in sanctions, including, but not limited to, adverse jury instructions, dismissal of charges, and contempt proceedings. Mailed notice (ber, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and

criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.



FILED

6/15/2023

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AUSA Sushma Raju (312) 353-5329

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Case No.: 23 CR 362 |
| v. | |
| HAVEN CATES, III | JEFFREY T. GILBERT<br>Magistrate Judge |

## <u>AFFIDAVIT IN REMOVAL PROCEEDING</u>

I, STEVEN P. PONIATOWSKI, appearing by telephone before United States Magistrate Judge JEFFREY T. GILBERT and being duly sworn on oath, state that as a federal law enforcement officer I have been informed that HAVEN CATES, III has been charged by Indictment in the Southern District of Florida with the following criminal offenses: traveling for sex with a minor, in violation of Title 18, United States Code, Section 2423(b); transportation of child pornography, in violation of Title 18, United States Code, Section 2252(a)(1); and possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

A copy of the Indictment is attached as an under-seal exhibit.[1] A copy of the arrest warrant also is attached.

STEVEN P. PONIATOWSKI
Special Agent
Homeland Security
Investigations

SUBSCRIBED AND SWORN to before me by telephone this 15th day of June, 2023.

JEFFREY T. GILBERT
United States Magistrate Judge

---

[1] The indictment remains under seal in the Southern District of Florida.

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| | ) | |
| Haven Cates, III | ) | Charging District: |
| *Defendant* | ) | Charging District's Case No. |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT
## WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| Place: | Courtroom No.: |
|---|---|
| | Date and Time:    June 28, 2023 at 9:30 a.m. |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: _____

_____
*Judge's signature*

_____
*Printed name and title*

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ ELLEN REYES
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
June 22, 2023

AO 199A (Rev. 06/19)  Order Setting Conditions of Release                                                    Page 1 of ___4___ Pages

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Illinois

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| Haven Cates, III | )      Case No.   23 CR 362 |
| _Defendant_ | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

   The defendant must appear at:   Southern District of Florida As Directed

   _____
   _Place_

   on _____
   _Date and Time_

   If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered.

   $10,000 unsecured bond

AO 199B (Rev. 12/20) Additional Conditions of Release

Page 2 of 4 Pages

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(☒) (6) The defendant is placed in the custody of:
Person or organization    Haven Cates, Jr.
Address *(only if above is an organization)*    8955 S. Jeffrey
City and state    Chicago, IL    Tel. No. 872-800-3277
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.    872-800-3277

Signed: H. Cates Jr.    6-20-23
Custodian    Date

(☒) (7) The defendant must:
(☒) (a) submit to supervision by and report for supervision to the    Pretrial Services Office,
telephone number    , no later than
(☒) (b) continue or actively seek employment.
(☐) (c) continue or start an education program.
(☒) (d) surrender any passport to:    law enforcement - already done
(☒) (e) not obtain a passport or other international travel document.
(☐) (f) abide by the following restrictions on personal association, residence, or travel:    N.D. of Illinois and the S.D. of Florida
(☒) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:

(☐) (h) get medical or psychiatric treatment:

(☐) (i) return to custody each    at    o'clock after being released at    o'clock for employment, schooling, or the following purposes:

(☐) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
(☒) (k) not possess a firearm, destructive device, or other weapon.
(☐) (l) not use alcohol (☐) at all (☐) excessively.
(☐) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(☐) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
(☐) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
(☒) (p) participate in one of the following location restriction programs and comply with its requirements as directed.
(☐) (i) **Curfew.** You are restricted to your residence every day (☐) from    to    , or (☐) as directed by the pretrial services office or supervising officer; or
(☒) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
(☐) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
(☐) (iv) **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
**Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

AO 199B (Rev. 12/20)  Additional Conditions of Release

## ADDITIONAL CONDITIONS OF RELEASE

(☒) (q)  submit to the following location monitoring technology and comply with its requirements as directed:
    (☒) (i)    Location monitoring technology as directed by the pretrial services or supervising officer; or
    (☐) (ii)    Voice Recognition; or
    (☐) (iii)    Radio Frequency; or
    (☐) (iv)    GPS.

(☐) (r)  pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

(☒) (s)  report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(☒) (t)  do not possess or access the internet or any internet-accessible device; no unsupervised contact with minors, including his own children
— all devices are to be password-protected

(s) defendant's mother is to remove the firearm from her home and password protect her wifi and any internet-accessible devices. Defendant is to be transported to and from his mother's home by his third-party custodian or his sister, Ciara Cates. Defendant is to have no contact with any minors at his mother's home.

Pretrial services has 2 business days to install location monitoring

Defendant's third party custodian is to accompany him to Florida, and is to ensure that defendant not have access to the internet during such travel.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

H. E Cates Jr.
8955 S. Jeffry
Chicago, IL 60619

_____
*Defendant's Signature*

Chicago    IL 60615
*City and State*

### Directions to the United States Marshal

(X) The defendant is ORDERED released after processing.

( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ ELLEN REYES
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
June 22, 2023

_____
*Judicial Officer's Signature*

Jeffrey T. Gilbert    U.S.M.J.
*Printed name and title*

DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Haven Cates, III | ) Case No. 23 CR 362 |
| *Defendant* | ) |

## APPEARANCE BOND

### Defendant's Agreement

I, **Haven Cates** *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( X )   to appear for court proceedings;
( X )   if convicted, to surrender to serve a sentence that the court may impose; or
( X )   to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1)  This is a personal recognizance bond.

( X ) (2)  This is an unsecured bond of $ 10,000 .

(   ) (3)  This is a secured bond of $ _____ , secured by:

    (   ) (a) $ _____ , in cash deposited with the court.

    (   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1) all owners of the property securing this appearance bond are included on the bond;
(2) the property is not subject to claims, except as described above; and
(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 6-20-23

_____
*Defendant's signature*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

CLERK OF COURT

Date: 6/20/2023

_____
*Signature of Clerk or Deputy Clerk*

Approved.

Date:

_____
*Judge's signature*

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ ELLEN REYES
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
June 22, 2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

             v.

Haven Cates, III

No. 23 CR 362

Magistrate Judge Jeffrey T. Gilbert

ORDER

The United States has informed the Court's courtroom deputy that it does not intend to appeal the Court's Order Setting Conditions of Release dated 6/20/23. Accordingly, Defendant Cates shall be released pursuant to the terms of that Order after processing forthwith. Order Defendant removed to the Southern District of Florida.

Date: 6/21/23

Jeffrey T. Gilbert
United States Magistrate Judge

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ ELLEN REYES
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
June 22, 2023



**UNITED STATES DISTRICT COURT**
**Northern District of Illinois**
**219 South Dearborn Street**
**Chicago, Illinois 60604**

**Thomas G. Bruton**                                                                                      **(312) 435-5670**
**Clerk**

**Transfer of Criminal Case**

6/22/2023

Florida Southern District Court
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue, Room 8
Miami, FL 33128

Case Title:  USA v. Cates

Northern District of Illinois Case No.:  1:23-cr-00362-1    Other Court's Case No.:          23-cr-6014

Dear Sir/Madam:

Enclosed please find a <u>certified copy</u> of the docket sheet and documents being transferred to your court pursuant to:

**F.R.CR.P 5:**                                               ☐ In   ☒ Out

☒ Order.
☒ Commitment Order.
☒ Bond Transfer.
☒ Order Setting Conditions of Release.
☒ Appearance bond.
☐ Financial Affidavit.

**18 U.S.C § 3605 Transfer of Jurisdiction Probation 22**   ☐ In   ☐ Out

☐ Certified copy of the Probation 22 form.
☐ Indictment.
☐ Information.
☐ Superseding Indictment.
☐ Superseding Information.

Revised 10/03/16

- ☐ Sentencing Order.
- ☐ Amended Sentencing Order.
- ☐ Rule 12B form.
- ☐ Email us a certified copy of the charging instrument, judgment, signed Probation 22 form and the docket sheet.
- ☐ **F.R.Cr.P. 20**  ☐ **F.R.Cr.P. 21**           ☐ In  ☐ Out
- ☐ Indictment.
- ☐ Information.
- ☐ Superseding Indictment.
- ☐ Superseding Information.
- ☐ Sentencing Order.
- ☐ Consent to Transfer Jurisdiction.

Sincerely,
Thomas G. Bruton, Clerk of Court

By: /s/E. Reyes
      Deputy Clerk

---

## TO BE COMPLETED BY THE RECEIVING DISTRICT

Please acknowledge receipt via email to: docketing_ilnd@ilnd.uscourts.gov

Date:

Clerk, U.S. District Court
By:
Deputy Clerk

**Query**   **Reports**   **Utilities**   **Help**   **What's New**   **Log Out**

TERMED

# United States District Court
# Northern District of Illinois - CM/ECF NextGen 1.7.1.1 (Chicago)
# CRIMINAL DOCKET FOR CASE #: 1:23-cr-00362-1

Case title: USA v. Cates

Other court case number: 23-cr-6014-Scola USDC for the
Southern District of Florida

Date Filed: 06/15/2023

Date Terminated: 06/21/2023

Assigned to: Honorable Jeffrey T. Gilbert

**Defendant (1)**

**Haven Cates, III**
*TERMINATED: 06/21/2023*

represented by **Victor P. Henderson**
Henderson Parks, LLC
The Marquette Building
140 South Dearborn Street
Suite 1020
Chicago, IL 60603
(312) 262-2900
Email: vphenderson@henderson-parks.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

18:3146.F - FAILURE TO APPEAR

**Disposition**

**Plaintiff**

**USA**
                                 represented by   **Sushma Raju**
                                                     DOJ-USAO
   Northern District Illinois
   219 S. Dearborn Ave.
   Ste Fifth Floor
   Chicago, IL 60604
   312-353-3400
   Email: sushma.raju@usdoj.gov
   *LEAD ATTORNEY*
   *ATTORNEY TO BE NOTICED*
   *Designation: Assistant US Attorney*

   **AUSA - Chicago**
   United States Attorney's Office (NDIL - Chicago)
   219 South Dearborn Street
   Chicago, IL 60604
   Email: USAILN.ECFAUSA@usdoj.gov
   *ATTORNEY TO BE NOTICED*
   *Designation: Assistant US Attorney*

   **Pretrial Services**
   .
   (312) 435-5793
   Email:
   ilnptdb_Court_Action_Notice@ilnpt.uscourts.gov
   *ATTORNEY TO BE NOTICED*
   *Designation: Pretrial Services*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/15/2023 | 1 | RULE 5(c)(3) Affidavit in Removal Proceedings signed by Judge Honorable Jeffrey T. Gilbert as to Haven Cates, III (1) (exr, ) (Entered: 06/15/2023) |
| 06/15/2023 | 2 | SEALED Document (exr, ) (Entered: 06/15/2023) |
| 06/15/2023 | 3 | MINUTE entry before the Honorable Jeffrey T. Gilbert as to Haven Cates, III: Initial appearance and removal proceedings held on 6/15/23. Defendant appears in response to arrest on 6/15/23. Victor P. Henderson appeared as counsel for Defendant. Defendant was informed of his rights, the nature of the charges and the maximum penalties. Defendant waived an identity hearing. The Court finds that Defendant Haven Cates, III is the person named in the arrest warrant issued in the Southern District of Florida. Defendant was informed of his rights under Rule 20 of the Federal Rules of Criminal Procedure. The Government orally moves for a detention hearing pursuant to 18 U.S.C. 3142(f)(1)(E). The Government's oral motion is granted for the reasons stated on the record. In accordance with 18 U.S.C. § 3142(f), for good cause shown, a detention hearing is set for 6/20/23 at 1:30 p.m. in Courtroom 1386. Defendant is remanded to the custody of the U.S. Marshal and shall remain in custody. It is ordered that Defendant shall remain confined in the Metropolitan Correction Center or an alternative facility designated by the U.S. Marshal, but held separate, to the extent practicable, from persons awaiting or |

| | | |
|---|---|---|
| | | serving sentences or being held in custody pending appeal. It is further ordered that Defendant shall be afforded reasonable opportunity for private consultation with his counsel while in custody. Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, the court, with both the prosecutor and defense counsel present, confirmed the government's obligation to disclose favorable evidence to the accused under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and ordered it to do so. Favorable evidence under Brady need have only some weight and includes both exculpatory and impeaching evidence. Failure to produce such evidence in a timely manner may result in sanctions, including, but not limited to, adverse jury instructions, dismissal of charges, and contempt proceedings. Mailed notice (ber, ) (Entered: 06/16/2023) |
| 06/20/2023 | 4 | ORDER Setting Conditions of Release as to Haven Cates, III in amount of $ 10,000, Unsecured. Signed by the Honorable Jeffrey T. Gilbert on 6/20/2023. (ber, ) (Entered: 06/20/2023) |
| 06/20/2023 | 5 | APPEARANCE Bond as to Haven Cates, III in the amount of $ 10,000, Unsecured. (ber, ) (Entered: 06/20/2023) |
| 06/20/2023 | 6 | ORDER as to Haven Cates, III: Detention hearing held on 6/20/23. The Government orally renewed its motion for removal in custody based on danger to community and risk of flight. For the reasons stated on the record, the Government's oral motion for removal in custody is denied. Enter Order Setting Conditions of Release. The Court read each of the conditions of release to Defendant and he stated that he understood them and would comply. Mr. Haven Cates Jr. is appointed as third-party custodian. The Defendant signed a bond in open court in the amount of $10,000, unsecured. Mr. Haven Cates Jr. was admonished by the Court with respect to the bond conditions and he stated he understood them as well. At the request of the United States, however, and over Defendant's objection, the Court's ruling is stayed until 3:00 p.m. on 6/21/23 to allow the Government time to consider whether to appeal the Court's decision to the charging district. If no appeal is filed by 3:00 p.m. on 6/21/23, the Court will order Defendant released on the terms and conditions discussed on the record on 6/20/23 and memorialized in the documents signed at that time. As provided by 18 U.S.C. 3142(f)(2), during the period covered by the stay, Mr. Cates shall continue to be remanded to the custody of the U.S. Marshal and shall remain in custody. It is ordered that Defendant shall remain confined in the Metropolitan Correction Center or an alternative facility designated by the U.S. Marshal, but held separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is further ordered that Defendant shall be afforded reasonable opportunity for private consultation with his counsel while in custody. Signed by the Honorable Jeffrey T. Gilbert on 6/20/2023. Mailed notice. (exr, ) (Entered: 06/21/2023) |
| 06/21/2023 | 7 | ORDER as to Haven Cates, III: The United States has informed the Court's courtroom deputy that it does not intend to appeal the Court's Order Setting Conditions of Release dated 6/20/23. Accordingly, Defendant Cates shall be released pursuant to the terms of that Order after processing forthwith. Order Defendant removed to the Southern District of Florida. Signed by the Honorable Jeffrey T. Gilbert on 6/21/2023. Mailed notice. (exr, ) (Entered: 06/21/2023) |
| 06/21/2023 | 8 | ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL as to Defendant Haven Cates, III committed to Southern District of Florida. Signed by the Honorable Jeffrey T. Gilbert on 6/21/2023. Mailed notice. (exr, ) (Entered: 06/21/2023) |

| 06/22/2023 | 9 | CERTIFIED and Transmitted to Southern District of Florida via email the record consisting of the transmittal letter as to Haven Cates, III. (exr, ) (Entered: 06/22/2023) |